IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| POPSOCKETS LLC, | )<br>)<br>) Case No. 17-cv-827<br>) |
| Plaintiff, | ) |
| v. | )<br>)<br>) **JURY TRIAL DEMANDED** |
| CRAIG HUEFFNER, INDIVIDUALLY<br>AND D/B/A ABSOLUTE MARKETING, | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PopSockets LLC ("PopSockets"), by and through its undersigned attorneys, for its Complaint for Patent Infringement against Craig Hueffner, individually and d/b/a Absolute Marketing ("Hueffner"), hereby alleges:

### INTRODUCTION

1. PopSockets is one of the nation's leading providers of grip and clip accessories for handheld electronic devices, and its products are, and for several years have been, sold in stores and online throughout the country.

2. On information and belief, Hueffner is doing business as Absolute Marketing. On information and belief, in 2014, Hueffner registered Absolute Marketing as a fictitious name with Florida's Secretary of State and listed an address of 4942 Indian Hills Dr., Racine, Wisconsin 53406 as its principle place of business.

3. On information and belief, Hueffner resides and has resided at 1332 E. Main St. 3, Waukesha, Wisconsin 53186 and/or 4942 Indian Hills Dr., Racine, Wisconsin 53406.

4. Defendant has made unauthorized use of PopSockets' patented technology by importing, making, using, selling, and offering for sale counterfeit products that, but for inferior

1

quality materials and manufacturing processes, are nearly identical to that of PopSockets' products and are covered by the asserted PopSockets' patents.

## NATURE OF THE CASE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 271 for Hueffner's infringement of U.S. Patent No. 8,560,031 (the "'031" patent) and United States Design Patent No. D777,022 ("the '022 Patent").

## THE PARTIES

6. Plaintiff, PopSockets, is a corporation organized under the laws of Colorado with its corporate headquarters and principle place of business at 3033 Sterling Circle, Boulder, Colorado 80301.

7. On information and belief, Hueffner is doing business as Absolute Marketing and has an address of 4942 Indian Hills Drive, Racine, Wisconsin, 53406.

## JURISDICTION AND VENUE

8. The action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendant resides in this District and has committed acts of infringement in this District and have a regular and established place of business in this District.

10. Personal jurisdiction exists over Defendant because: (1) Defendant has its principal places of business, and/or otherwise resides in this District, (2) Defendant regularly conduct business in this District and throughout this State, and (3) Defendant has committed, and continue to commit, acts of patent infringement, and/or induced acts of patent infringement by others, in this District and throughout this State.

## FACTUAL BACKGROUND

### The 8,560,031 Patent

11. PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the '031 patent, entitled "Extending Socket for Portable Media Player." The '031 patent was duly and legally issued by the United States Patent and Trademark Office on October 15, 2013. A copy of the '031 patent is attached hereto as Exhibit A.

12. Mr. Barnett, named inventor of the inventions claimed in the '031 patent, is currently CEO of PopSockets.

13. PopSockets has been producing its preeminent collapsible socket product since 2012. PopSockets' product is well-known nationwide and carried in retail stores throughout the country, such as Target and Best Buy.

14. Since its inception, PopSockets has been recognized and touted by major media outlets. In 2012, National Public Radio (NPR) recognized PopSockets' innovativeness. The Wall Street Journal identified PopSockets as the "best" compact "smartphone support" accessory in 2015. USA Today named PopSockets "the coolest tech you have to see" in 2015. PopSockets won the "Fueling Innovation" contest sponsored by Mercedes Benz in 2013, was featured at the 2015 Consumer Electronics Show, and was the first recipient of Kate Galliet's "Fit For Real Life Seal of Approval" award in 2016.

15. PopSockets' collapsible socket product can be used in a variety of different ways. For example, consumers can use a PopSockets' collapsible socket product as a grip for taking pictures, as a stand to prop up a mobile device, or to ease a consumer's texting, scrolling, or other common portable media player device uses.

16. PopSockets allows customers to customize the collapsible sockets with various graphics and designs. PopSockets currently sells over 120 different decorative designs with various base and accordion colors. In addition, users can upload graphics or images to customize the collapsible socket product.

17. To the extent required by law, PopSockets has complied with the provisions of 35 U.S.C. § 287.

18. On information and belief, Hueffner's makes, uses, sells, and/or offers for sale infringing socket products ("Accused Socket Product").

19. PopSockets served cease and desist letters on Hueffner on March 31, 2017, and again on April 20, 2017, notifying him that he is infringing PopSockets' intellectual property rights.

20. On information and belief, Hueffner has sold Accused Socket Products at least as recently as April 29, 2017 in Minneapolis, Minnesota at the Northern Lights Qualifier volleyball tournament.

21. Hueffner has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claims 9 and 16 of the '031 patent in this district and elsewhere in the United States by importing, making, using, selling, and/or offering for sale the Accused Socket Products. Examples of Defendant's infringement of claim 9 includes the making, using, offering for sale, and selling the Accused Socket Products that include:



A  B  C  D

a. a securing element for attaching the socket to the back of a portable media player or player case and an accordion forming a tapered shape connected to the securing element, as illustrated in figures B and D above.

b. the accordion is capable of extending outward generally along its axis from the portable media player or player case and retracting back toward the portable media player or player case by collapsing generally along its axis, as illustrated in figures A, B, and C above.

22. Examples of Defendant's infringement of claim 16 includes performing the claimed method steps of:

a. attaching a socket including the accordion to a portable media player, as shown in figure D.

b. selectively extending the socket by unfolding the accordion generally along its axis, as shown in figures B and C above.

23. selectively retracting the socket by folding the accordion generally along its axis such that the walls fold next to each other, as shown in figure A.

## The D777,022 Design Patent

24. PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the '022 patent, entitled "Device Clip." The '022 patent was duly and legally issued by the United States Patent and Trademark Office on January 24, 2017. A copy of the '022 patent is attached hereto as Exhibit B.

25. Mr. Barnett, named inventor of the inventions claimed in the '022 patent, is currently CEO of PopSockets.

26. PopSockets clip product design covered by the '022 patent is a mount for a PopSockets' collapsible socket.

27. Hueffner's infringing clip product ("Accused Clip Product") is virtually identical to the '022 patent.

| PopSockets' '022 Patent | Hueffner's Accused Clip Product |
|---|---|
| | |

**COUNT ONE**
**INFRINGEMENT OF THE '031 PATENT BY HUEFFNER**

28. PopSockets hereby incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29. Hueffner has infringed, is currently infringing, and unless enjoined will continue to infringe, at least claims 9 and 16 of the '031 patent.

30. Hueffner, individually and doing business as Absolute Marketing, has directly infringed the '031 patent by importing, making, using, selling, and offering for sale the Accused Socket Product.

31. On information and belief, Hueffner, individually and doing business as Absolute Marketing, has willfully infringed and continues to willfully infringe the '031 patent despite knowledge of the '031 patent (at least as of the date of the filing of this Complaint, and likely before through PopSockets' patent markings) and despite an objectively high likelihood that the sale and use of the products would infringe one or more claims of the '031 patent.

32. On information and belief, Hueffner knew or should have known that its acts

would result in the actual infringement by one or more of its customers of one or more of the claims of the '031 patent, and thereby intended such infringement.

33. Hueffner's acts did, in fact, induce such infringement of one or more claims of the '031 patent by instructing and encouraging these persons, by means of promotional and instructional guides, and/or physical demonstration, to use the Accused Socket Product in a manner that infringed the '031 patent.

34. PopSockets has suffered and will continue to suffer irreparable injury and damages as a result of Hueffner's infringement of the '031 patent, for which PopSockets is entitled to relief. PopSockets seeks damages, as well as injunctive relief against further infringement.

**COUNT TWO**
**INFRINGEMENT OF THE '022 DESIGN PATENT BY HUEFFNER**

35. PopSockets hereby incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Hueffner, individually and doing business as Absolute Marketing, has infringed and continues to infringe the '022 design patent by importing, making, using, selling, and offering for sale the Accused Clip Product.

37. An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the Accused Clip Product and the '022 patent as to be induced to purchase the Accused Clip Product believing it embodies the design(s) of the '022 patent.

38. Hueffner's deliberate and willful actions in infringing the design(s) of the '022 patent have caused and will continue to cause irreparable harm to PopSockets unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

7
Case 2:17-cv-00827-PP   Filed 06/14/17   Page 7 of 9   Document 1

39. Hueffner has profited from and PopSockets has suffered damages as a result of Hueffner's infringement of the '022 patent.

## JURY DEMAND

PopSockets demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

PopSockets respectfully requests that the Court enter judgment against Defendants as follows:

A. The '031 patent and the '022 patent have been infringed by Hueffner;

B. Hueffner's infringement of the '031 patent and the '022 patent has been willful;

C. An injunction against further infringement of the '031 patent and the '022 patent;

D. An award to PopSockets for past and future damages, costs, expenses, together with prejudgment and post-judgment interest to compensate for Hueffner's infringement of the '031 patent and the '022 patentas provided under 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

E. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to PopSockets of its costs, expenses, and reasonable attorneys' fees incurred in this action;

F. Such other equitable or legal relief as this Court deems just and proper under the circumstances.

Dated: June 14, 2017	Respectfully submitted,

*s/ Donald A. Daugherty, Jr.*
Donald A. Daugherty, Jr.
GODFREY & KAHN, S.C.

833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414.273.3500
Fax:    414.273.5198
Email: ddaugherty@gklaw.com

Benjamin T. Horton
Tron Y. Fu
Michelle Bolos
MARSHALL GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL  60606
Phone: 312.474.6300
Fax:    312.474.0448
Email: bhorton@marshallip.com
           tfu@marshallip.com
           mbolos@marshallip.com

*Attorneys for Plaintiff PopSockets LLC*

17345999.1