UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

POPSOCKETS, LLC,

        Plaintiff,

    v.                              Case No. 17-cv-827-pp

CRAIG HUEFFNER, INDIVIDUAL AND
D/B/A ABSOLUTE MARKETING

        Defendants.

## ORDER GRANTING THE PLAINTIFF'S CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR AN EXTENSION OF TIME TO SERVE THE DEFENDANT AND FOR AN ORDER DIRECTING THE CLERK OF COURT TO AUTHENTICATE PUBLICATION SUMMONS (DKT. NO. 7)

On June 14, 2017, the plaintiff, Popsockets, LLC, filed a complaint against defendant Craig Hueffner (individually and doing business as Absolute Marketing), alleging two counts of patent infringement. Dkt No. 1. About forty-five days later, the plaintiff notified the court that it was having trouble effecting service on the defendant, but describing for the court the six different attempts that it had made. Dkt No. 6. In  text-only order, the court denied the plaintiff's request for an advisory opinion as to whether the plaintiff's attempts satisfied its obligations under Fed. R. Civ. P. 4, and directed the plaintiff to continue its attempts to serve the defendant.

On September 8, 2017, the plaintiff filed a Civil Local Rule 7(h) expedited non-dispositive motion for an extension of time to serve the defendant, and for an order directing the clerk of court to authenticate publication summons. Dkt

No. 7. In support of this motion, the plaintiff filed an affidavit of non-service from a process server, detailing eight further unsuccessful attempts to serve the defendant. Dkt. No. 8-1 at 3.

The plaintiff now asks the court for a sixty day extension of time to effectuate service, because the plaintiff intends to serve the plaintiff by publication. Dkt. No. 7 at 2. The plaintiff notes that service by publication will require three separate publications of the notice, and that the process likely will take approximately one month to complete. Id. The plaintiff further asks the court to direct the clerk of court to authenticate the publication summons attached to its motion, explaining that in Burnett v. Hill, the Wisconsin Supreme Court has held that the plaintiff is required to have its publication summons authenticated before service by publication may be effectuated. Burnett v. Hill, 207 Wis. 2d 110, 119-20 (Wis. 1997).

Fed. R. Civ. P. 4(m) requires the plaintiff to serve the defendant within ninety days after the plaintiff files the complaint. In this case, those ninety days would expire on September 14, 2017. If the plaintiff can show good cause for the failure to serve the defendant within the ninety days, however, "the court *must* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). By the court's count, the plaintiff has attempted seventeen service attempts at several different locations. See Dkt. No. 6; Dkt. No. 7. The plaintiff has served the defendant's mother (dkt. no. 6 at ¶6), as well as an employee of the defendant, Charles Alexander Delozier. Id. at ¶3. The court finds that the plaintiff's diligence and multiple efforts at service without success constitute good cause under Rule 4(m), and it will grant the extension.

Rule (4)(e)(1) instructs the plaintiff to "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Here, the plaintiff seeks to exhaust its possible methods of service by serving the defendant through publication. Under Wis. Stat. §801.11(1)(c), "service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing." The Wisconsin Supreme Court has explained that that provision requires "that the publication summons published and mailed to the defendant be authenticated." Burnett, 207 Wis.2d at 121. Because Rule 4(e)(1) instructs federal litigants to follow state law for serving a summons, the court finds that the plaintiff's request to authenticate its publication summons is appropriate. The Burnett Court, citing to Wis. Stat. §801.09(4), notes that a summons is authenticated for publication purposes when the clerk of courts places a file stamp on each copy, indicating the case number. Burnett, 207 Wis. 2d at 113-114, n.3.

The court **GRANTS** the plaintiff's Civil L. R. 7(h) expedited non-dispositive motion for an extension of time to serve the defendant. Dkt. No. 7. The court **ORDERS** that the deadline for the plaintiff to effectuate service on the defendant is **EXTENDED** to **November 14, 2017**. The court also **GRANTS** the plaintiff's request to authenticate the publication summons. The court **DIRECTS** the clerk of court to authenticate the publication summons, attached

as Exhibit 1 to the declaration of Zachary Willenbrink, by placing a file stamp indicating the case number on the summons. Dkt. No. 8-1.

Dated in Milwaukee, Wisconsin this 13th day of September, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**